UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R OBERT C AMPBELL,

        Movant,

v.                                                Criminal Case No. 95-81192

UNITED STATES OF AMERICA,           Honorable Arthur J. Tarnow

        Respondent.

_____/

**ORDER GRANTING MOTION [905] FOR CERTIFICATE OF APPEALABILITY AS TO NOTICES [901, 903] OF APPEAL**

On October 7, 2008, this Court transferred to the Sixth Circuit Robert Campbell's motion for relief from a January 6, 2003 order, which had denied his 28 U.S.C. § 2255 motion.  Though the court believed that the issues presented by Mr. Campbell might have merit, this court lacked jurisdiction to consider the motion, as it was in substance a successive § 2255 motion.

Invoking Fed. R. Civ. P. 59(e), Campbell moved the court to alter or amend the October 7, 2008 order.  This Rule 59 motion was denied, and Campbell noticed his first appeal from the denial of the Rule 59 motion.  Campbell then noticed his second appeal, this time appealing from the October 2008 order transferring the Rule 60 motion to the Sixth Circuit.

For the reasons that follow, the court GRANTS the motion for a certificate of appealability.

An appeal may not be taken from the final order of a district court denying a petition filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

1

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained such a showing requires the petitioner to demonstrate

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)).

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001) (per curiam).

In the instant case, the question is whether this court has jurisdiction to consider Campbell's Rule 60 motion. In other words, the issue is not whether reasonable jurists could disagree about the merits of the constitutional claims raised in his Rule 60 motion.

In this court's view, the Rule 60 motion is, in substance, a successive § 2255 motion. Campbell tries to argue that the prosecutor's failure to disclose the exculpatory evidence was a fraud enacted on the federal habeas court. However, the *Brady* violation is a basis for substantive § 2255 relief, not merely a vehicle for the court to revisit a putative dismissal entered on procedural grounds. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (motion is not successive if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings"). It is up to the Sixth Circuit to decide whether to authorize him to file such a motion.

But reasonable jurists could disagree about how to treat an argument of fraud on the court completing post-conviction review, when such an argument also articulates a claim for substantive § 2255 relief.

Accordingly, the court ISSUES a certificate of appealability.

SO ORDERED.

<div style="margin-left:auto;">
S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge
</div>

Dated: June 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 3, 2009, by electronic and/or ordinary mail on Robert Campell.

<div style="margin-left:auto;">
S/FELICIA M. MOSES
Relief Case Manager
</div>